E-FILED
Thursday, 03 July, 2025 03:21:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-CR-40011 |
| | ) | |
| v. | ) | |
| | ) | |
| ALONZO MAYO, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO**
**MOTION FOR REVIEW OF DETENTION ORDER**
**AND IN THE ALTERNATIVE**
**MOTION TO REOPEN DETENTION HEARING**

## I. FACTUAL BACKGROUND[1]

### A. Offense Conduct

On June 18, 2023, members of the Galesburg Police Department ("GPD") were notified of a missing juvenile (MV1 – DOB 2010) and in the course of the investigation GPD learned that there were several alarming Snapchat messages between MV1 and an adult male using the Snapchat display name "James Davidson" with the username "ajm_410." The messages between MV1 and ajm_410 implied that the two had met on

[1] References to documents in the above captioned case are to "R.__" followed by the document number; References to documents in the District of Maryland case are to "R.__" followed by the document number and case number; references to docket entries in the above captioned case are to "d/e" followed by the date of the entry; references to docket entries the District of Maryland case are to "d/e" followed by the date of the entry and the case number 24-mj-00755; references to the transcript of the detention hearing conducted in the District of Maryland are to "Tr.__" (this transcript was filed at R. 26-1 in the above captioned case); references to the defendant's motion for pretrial release filed in the District of Maryland are to "Def. Mtn" followed by the page number; references to the government's letter in support of detention filed in the District of Maryland are to "Gov. Ltr" followed by the page number where applicable.

multiple occasions and engaged in sexual intercourse. MV1 was born in January of 2010, making her 13 years old at the time of the missing persons report. MV1's mom provided the files containing the Snapchat conversation to GPD. The following are excerpts of the messages provided by MV1's mom:

**April 21, 2023**

MV1: Heyyyy
Ajm_410: What up
Ajm_410: You at school?
MV1: Yeah
Ajm_410: Let me come pick you up from school one day [smirking emoji]
MV1: Bet [weary emoji]
Ajm_410: I still be wathcing our vids lol
Ajm_410: Your pussy so good [weary emoji]
MV1: [weary emoji] [weary emoji]
Ajm_410: You was creaming all over my dick [weary emoji]
Ajm_410: Come live with me so I can fuck you every night [smirking emoji]
MV1: Bet [weary emoji]
MV1: How I'm gone get there tho?
Ajm_410: Idek
Ajm_410: We'll find a way when the time is right
Ajm_410: I miss you tho
MV1: Okayy & I miss youu toooo
Ajm_410: Send me selfies today [hearts for eyes emoji]
MV1: Ok I will when I get hom
Ajm_410: Bettt
MV1: Hey
Ajm_410: Yoo
MV1: Wydd
Ajm_410: Finishing up some work
Ajm_410: hbu
MV1: Nothing just got my nose
MV1: Pierced
Ajm_410: Let me see
MV1: [image of MV1's face to show her nose]
Snapchat message: "James Davidson saved a snap in chat!
Ajm_410: My lil baby fine asl [drooling emoji]
**[...]**

Ajm_410: Wyd this weeken bae?
MV1: Nothing
Ajm_410: True. You still cool with those girls I met the first time I came to see you?
MV1: Yea I'm with rn
Ajm_410: True what y'all doin
MV1: Nothing chilling
Ajm_410: I feel
Ajm_410: Y'all in the 8th right?
Ajm_410: or 7th?
MV1: 8th
MV1: Wait I read that wrong I"m in the 7th I'm finna be in the 8th
Ajm_410: Right right
Ajm_410: you drink?
MV1: Yea
Ajm_410: I'll bring something for us to sip on next time I visit
**[...]**

**May 4th, 2023**

MV1: [image of MV1's bare breasts]
Snapchat message: "James Davidson saved a snap in chat!
Ajm_410: You want Daddy to come suck on em
**[...]**
MV1: Whenn u gone come see mee I get out of school in 4 days
Ajm_410: I fly in on the 25th [smirking emoji]
MV1: Bettt that's the same day I get out
Ajm_410: You gone be staying with your grandparents again?
MV1: I'm probably going to be at Melodies grandmas
Ajm_410: Oh ok
Ajm_410: Damn I wanted to stay the night in that basement lol that would be fun
**[...]**

**May 23, 2023**

Ajm_410: [Video of a black male stroking his erect penis. The male had a mole on between his eyebrows in the middle of his head.]
**[...]**
MV1: [image of MV1's vagina]
**[...]**

**May 29, 2023**

Ajm_410: Good morningg
MV1: Good morninggg
Ajm_410: What time should I come babe?
MV1: Come at like 10 so u can get here at 12
Ajm_410: It's like 3.5 hours babe lol
Ajm_410: So I'll leave at like 8:30 and get to you at 12
MV1: Ok
Ajm_410: Can't wait [blowing kiss emoji]
Ajm_410: You dont have school tomorrow right?
MV1: Yea I'm on summer break
MV1: I might stay at my bsfs grandmas I can still sneak u in there tho
MV1: We gone be in the basement
Ajm_410: Bet bet
Ajm_410: Just lmk
MV1: Ok
Ajm_410: I can't wait to stroke that lil pussy [drooling emoji]
MV1: [weary emoji]
Ajm_410: You know which house you gone be at yet?
MV1: Yea my grandma's
Ajm_410: Ok bet. They gone be sleep by midnight?
MV1: Yea
Ajm_410: Bet, I'll see you soon baby
MV1: Okay
Ajm_410: 30 mins away
Ajm_410: You up?
Ajm_410: I'm up the street

**Conversation continued on May 30, 2023**

MV1: Come to the green basement doors
Ajm_410: Ok I'll be there in like 8 mins
MV1: Ok
Ajm_410: Coast clear?
Ajm_410: I'm here
MV1: Yea here I come
Ajm_410: Somebody wathing from upstairs
Ajm_410: Lmao
MV1: Wya
MV1: Come to the green basement doors
Ajm_410: I walked up the street, I could see somebody watching me
MV1: Oh
Ajm_410: Yeah somebody had walked in the front door right before I got there
MV1: Oh

Ajm_410: Who life all the way upstairs?
Ajm_410: live
MV1: Idk
MV1: R u out there?
Ajm_410: Ima come back in a sec
MV1: oK
Ajm_410: Be at the door waiting
Ajm_410: I'm finna walk up
MV1: Ok
Ajm_410: Wya
MV1: Wya
Ajm_410: I was at the spot we meet at last time
Ajm_410: Where is the basement doors
MV1: By the white house
Ajm_410: Come to the street
Ajm_410: Idk what you talking bout
MV1: Wya
Ajm_410: I love you so much [heart emoji]
MV1: Mb I didn't see u texted me I was asleep
Ajm_410: Lol you good
Ajm_410: Dick put you to sleep [tearing emoji]
MV1: [Tearing emoji]
Ajm_410: Finally home [tearing emoji]
MV1: Ohh
MV1: U should send me them videos
Ajm_410: I got you babe
Ajm_410: [Three videos of an adult male having sexual intercourse with MV1 In one of the videos, the male had a tattoo on his right upper thigh. The tattoo was three letters in black writing.]
Ajm_410: My dumbass fucked up the settings on the camera
Ajm_410: So the audio fucked up and it's like in slow motion lol
Ajm_410: Remind me to send the rest tomorrow

In the fall of 2023, a federal search warrant was issued to Snapchat for the account data related to the ajm_410 Snapchat account. Within the Snapchat return agents located conversations between ajm_410 and MV1, videos of MV1 engaged in sexual activities with ajm_410, and additional conversations between a MV1's other Snapchat account and

ajm_410. The provided birthdate for the ajm_410 Snapchat account is the same birthdate as defendant.

The following are conversations between MV1's Snapchat account and the ajm_410 account. [2] The "sender" in the below messages appears as jdavidson_97 however, that username is tied to the same account as ajm_410.

**Excerpt from March 15, 2022**

| Sender | Receiver | Text |
|---|---|---|
| jdavidson_97 | MV1 | How old are you again? |
| MV1 | jdavidson_97 | Old enough |
| MV1 | jdavidson_97 | No one gotta know |
| jdavidson_97 | MV1 | Good. Young girls got the best pussy anywayðŸ¤¤ |
| MV1 | jdavidson_97 | ðŸ˜© |
| jdavidson_97 | MV1 | But I still wanna know lol |
| jdavidson_97 | MV1 | Like 13? |
| MV1 | jdavidson_97 | Mhmmmm |
| jdavidson_97 | MV1 | True. And you think you ready for some grown dick? |
| MV1 | jdavidson_97 | Mhmm.ðŸ¥´ |
| jdavidson_97 | MV1 | I canâ€™t wait ðŸ˜© |
| MV1 | jdavidson_97 | When u coming?? |
| jdavidson_97 | MV1 | You got my dick hard just thinking bout it |
| MV1 | jdavidson_97 | ðŸ˜© |
| jdavidson_97 | MV1 | Anddddd lemme check some flights. Ima be traveling the next two weeks |
| jdavidson_97 | MV1 | But I can prob book a flight for next month |

[2] The strange combinations of letters and symbols in these messages are emojis, this is the way that they appear in the Snapchat return.

**Excerpts from October 10, 2022, and October 11, 2022**

| | | |
|---|---|---|
| jdavidson_97 | MV1 | If I’m coming I need to know the plan asap |
| MV1 | jdavidson_97 | My grandma goes to sleep around 8 or 9 and my grandpa goes to sleep around like 10 or 11 |
| jdavidson_97 | MV1 | So like missing you think? |
| jdavidson_97 | MV1 | *midnight |
| MV1 | jdavidson_97 | Yeah |
| jdavidson_97 | MV1 | Bet. What’s your address? |
| MV1 | jdavidson_97 | [MV1 provides grandparent’s address] |
| jdavidson_97 | MV1 | Bettt |
| jdavidson_97 | MV1 | You not on your period right? |
| MV1 | jdavidson_97 | Mhm |
| jdavidson_97 | MV1 | Bettt |
| jdavidson_97 | MV1 | I can’t wait to play with that lil pussyðŸ¤¤ |
| jdavidson_97 | MV1 | You gone have to be quiet while we fucking lol |
| MV1 | jdavidson_97 | Ik |
| jdavidson_97 | MV1 | And you finally get to get some head ðŸ˜□ |
| MV1 | jdavidson_97 | ðŸ˜© |
| jdavidson_97 | MV1 | Have you ever got head before? |
| MV1 | jdavidson_97 | No |
| jdavidson_97 | MV1 | Awwwe. Can’t wait to make you cum all in my beardðŸ˜□ðŸ¤¤ |
| MV1 | jdavidson_97 | ðŸ˜© |
| jdavidson_97 | MV1 | Ima hop on the road in like 15 |
| jdavidson_97 | MV1 | I should be to you right around midnight |
| MV1 | jdavidson_97 | Ok |
| jdavidson_97 | MV1 | Omw |
| MV1 | jdavidson_97 | K |

Found in the Snapchat data was a video of an adult male, masturbating, and the male's face can be seen in the video. The male had a mole between his eyebrows. The video was sent by ajm_410 to MV1, along with other users.

Snapchat location data showed ajm_410 frequenting an address in Windsor Mill, MD. It was determined through open source and law enforcement databases that Alonzo Mayo, with the same date of birth as ajm_410, was associated with this residence. An identification photograph for Mayo was obtained from the Maryland Secretary of State. Mayo has a mole in the same location as ajm_410. FBI Agent Bendoraitis compared the known photograph of Mayo to the sexually explicit video sent from ajm_410, and the two appear to be the same person.

Records obtained from Hertz demonstrate Mayo rented a car in Chicago, Illinois on October 10, 2022, and returned the vehicle on October 11, 2022. These records corroborate the Snapchat messages detailed above which allude to an in-person sexual encounter between MV1 and Mayo in MV1's grandmother's basement during that timeframe. In his rental application, Mayo provided a birthdate that matches the date of birth provided to Snapchat by ajm_410. The total miles driven for the rental period was 414 miles. MV1's grandmother's house is 199.9 miles from the rental car location, making the total round trip 400 miles with no detours. Mayo's Bank of America records for this timeframe show purchases in Chicago, Utica, and Rock Falls, Illinois.

On June 22, 2023, MV1 was interviewed at a Child Advocacy Center. During the interview MV1 stated she talked with ajm_410 and met the male in person on multiple occasions. During the meetings, the two had sexual intercourse and the male recorded

the two having intercourse. The sexual acts happened at MV1's grandmother's house in Galesburg, Illinois, in the basement of the home. Following the sexual encounter, ajm_410 sent the videos of the sex acts to MV1 via Snapchat. Officers from the GPD inspected and photographed the basement of MV1's grandmother's home. The basement is consistent with the background depicted in the videos sent to MV1 by ajm_410 and subsequently provided to the police.

**B. District Court Proceedings**

On February 21, 2024, the Grand Jury returned an Indictment against the defendant charging him with Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) and (e) (Count 1), Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count 2), and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (Count 3). R.1. The defendant was arrested on March 25, 2024, and his initial appearance was held in the District of Maryland on March 28, 2024. R.2 & 5 (24-mj-00755).

On April 3, 2024, a detention hearing was held before the District of Maryland Magistrate Judge, Charles J. Austin. d/e 13 (24-mj-00755). Prior to the hearing the United States Probation Office completed a Pretrial Service Report and Addendum. R.10 & 12. The defendant filed a Memorandum in Support of Pretrial Release with three exhibits that proposed he would reside with his grandmother and have his mother, father, and grandmother serve as third-party custodians. Def. Mtn p. 6. The

government filed a letter in support of detention. Gov. Ltr. These were all considered by the magistrate. Tr. 4 & 17.

Through the government's letter and proffer at the detention hearing, the magistrate learned some of the facts of the offense conduct. The magistrate was advised that from March 2022 through May 2023, the defendant sexually exploited MV1, who was just 12 years old when the criminal acts against her began. Gov. Ltr. p. 1-2. The defendant traveled from Maryland to Illinois to meet with MV1 where the two engaged in sex acts which defendant recorded and shared with MV1. *Id.* The government provided the magistrate with excerpts of messages between defendant and MV1 demonstrating defendant's knowledge that MV1 was a minor in junior high school, and his intent to induce MV1 into engaging in sexually explicit conduct and supply MV1 with alcohol at a planned meeting. Gov. Ltr. p. 2-4. The messages provided to the magistrate also demonstrated that defendant sent MV1 videos of himself masturbating, received images of MV1's genitals, snuck into MV1's home more than one time to engage in sex with her, and sent MV1 three videos of the two having sex where defendant's face can be seen. *Id.* The magistrate was advised that Southwest Airline records show that defendant travel to Chicago in October 2022, which coincides with the messages showing MV1 and defendant met during this time frame. Gov. Ltr. p. 4.

At the hearing, the magistrate was advised that the investigation was ongoing, the evidence suggested that defendant had sexually explicit communications with four other children living in different states, defendant had engaged in sex acts with

one of these other minor children, and this conduct was occurring during the same time frame as defendant's communications with MV1. Tr. p. 10.

In its ruling the magistrate noted that this offense involved in-person sexual contact against a minor victim that involved traveling across state lines. Tr. p. 32-36. The magistrate also found that there was no special or discrete relationship between MV1 and the defendant such that separation from MV1 would mitigate the danger the defendant poses to other children. Tr. p. 36. The magistrate considered the United States Probation Office's recommendation of detention. Tr. p. 35. At the conclusion of evidence and arguments, the magistrate found that the history and characteristics of the defendant pointed to release (Tr. p. 32), but the nature and circumstances of the offense, weight of the evidence, and danger to the community all supported detention (Tr. p. 32-35). The defendant was ordered detained.

On May 16, 2025, the defendant filed a Motion for Reconsideration of Detention. R.23. On May 20, 2025, the Court ordered the defense to obtain the sealed records from the District of Maryland and file them as additional exhibits. d/e 05/20/2025. On June 3, 2025, the defense submitted two filings from the District of Maryland (R.25) and the transcript of the detention hearing (R.26). The two filings were the Government's Letter in Support of Detention and the Defense's Motion for Pre-Trial Release. In examining the docket from the District of Maryland, the government discovered that three exhibits were filed under seal with the Defense's Motion for Pre-Trial Release. R.9 (24-mj-00755). These documents have not been

submitted to this court for review. The government has obtained these documents and will submit a motion to file them under seal.

**C. Additional Offense Conduct**

If a detention hearing was held today, the government would present additional evidence gained from the continued investigation into the defendant's activities. Specifically, during the search of the defendant's residence two cell phones used by the defendant were recovered. An examine of Phone One contained a selfie photo of defendant holding his driver's license dated January 28, 2024. Within this phone investigators recover 13 videos of child pornography (CP). One video depicted a fully nude male child of approximately two-years-old with an adult female touching the child's penis. A second video depicted a two to four-year-old child with an erect adult penis ejaculating on the child's face. Further, a conversation was recovered with MV2 where the two discuss meeting for a sexual purpose. The defendant asked MV2, "you really nutted for me 5 times baby?" and MV2 replied, "I diddd." MV2 sent self-produced CP to the defendant.

An examination of Phone Two included several selfie style photos of defendant and multiple videos of him masturbating. There were seven videos of CP located on the phone including one video of MV1 and a second of MV2. There were communications on telegram in a group titled "trades 2." The group messages contained numerous videos of minor females engaging in sex acts. The defendant sent the following message within the chat, "I know all of these girls personally which is why I been hesitant to send. But here's a lil something." The defendant then shared

30 files including one video of he and MV1 having sex. On August 26, 2023, the defendant was engaged in a private chat on telegraph where he sent videos and images of MV1 to another user and then stated, "this is the girl in the squirting vid I just sent."

The web/search history on Phone Two showed searches for: "abortion clinic in Galesburg", searches of MV1's name, "what state has 14 age of consent", "state with youngest age of consent", "age of consent Delaware", "age of consent Colorado", and "how do rape victims determine paternity." The google calendar showed a stay in Galesburg, Illinois, in June 2022.

An interview was conducted with MV2 (DOB 2008) with her mother present. MV2 indicated that she met a person named Alonzo Mayo on Snapchat, and she told him she was 13 years old. Mayo traveled to her residence in New York in 2023 on two different occasions. MV2's mother became upset during the interview. MV2 would only admit to kissing the defendant during their contact.

An interview was conducted with MV3 (DOB 2006) who lived in Delaware. MV3 identified her Snapchat name. Records from defendant's Snapchat account showed that he communicated with MV3. MV3 stated she met the defendant when she was 14, and she told him she was in high school. MV3 indicated she communicated with the defendant for approximately 2 years and during that time he asked for photos and videos of her. MV3 stated the defendant would tell her specifically what type of photos and videos to send, and she estimated that there were one hundred images and videos exchanged between the two. MV3 stated defendant

traveled to Delaware to meet her three times, and the two engaged in oral and vaginal sex in a car in the parking lot where she worked. MV3 advised that the defendant recorded them having sex and sent her the video. MV3 stated she was 16 when the sexual contact occurred.

An interview was conducted with MV4 (DOB 2008) who stated that she communicated with a person she knew as James via Snapchat. Records from defendant's Snapchat show that his account was in communication with MV4. MV4 reported that she was approximately 14 or 15 years old in 2023 when she began chatting with James who sent her images of his penis and asked MV4 to send images of her vagina, butt, and breasts. James asked MV4 to send videos of her touching her genitals and inserting a brush into her vagina. MV4 stated she used her cellphone to take these video and images and sent them to the defendant. MV4 stated James traveled to New York and met with her one time. James touched her vagina then pulled out his penis and made MV4 touch it. James had MV4 put his penis in her mouth, and he put his lips on her vagina. MV4 did not like this and told James she needed to leave.

An interview was conducted with MV5 (DOB 2008) who identified the defendant (by photo) as a person she chatted with on Snapchat. MV5 stated the defendant sent her several sexually explicit videos and asked her to send photos or videos of herself. MV5 only sent one photo of herself to defendant, which was recovered in his Snapchat account. The defendant told MV5 that he would travel to Texas to meet with her, but that never transpired.

## II. ARGUMENT

### A. Applicable Law

The Bail Reform Act, 18 U.S.C. § 3141, et seq., created a comprehensive scheme to control pretrial release or detention decisions and provides detainees a mechanism to seek review of pretrial detention orders. *Fredrickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020). The United States may seek a detention hearing under 18 U.S.C. § 3142(f)(1)(E) where, as in this case, the crime charged is a felony involving the possession or use of a firearm.

Pursuant to § 3142(f), the judicial officer must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the community ("dangerousness"). 18 U.S.C. § 3142(e) & (f). Detention may be based on a showing of either risk of flight or danger to the community; proof of both is not required. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985) ("a finding of either danger to the community or risk of flight will be sufficient to detain the defendant pending trial"); *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985) (same); see also *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) ("lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient, both are not required"); *United States v. Dermen*, 800 F. App'x 665, 671 (10th Cir. 2020) (affirming detention order after finding dangerousness, without addressing risk of flight). With respect to risk of flight, the United States bears the burden of proof by a preponderance of the evidence. *Portes*,

786 F.2d at 765; see also *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003). With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742 (1987); *Portes*, 786 F.2d at 764. Clear and convincing evidence is something more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33 (1979).

In making this determination, the judicial officer must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release. 18 U.S.C. § 3142(g).

**B. Standard of Review**

Under 18 U.S.C. § 3145(b), if a person is ordered detained by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The Court reviews the magistrate judge's detention order *de novo*. *Portes*, 786 F.2d at 761. "This review may be conducted by reviewing the prior record already considered by the magistrate judge and making a fresh finding on a complete record." *United States v. Correa*, No. 12-CR-20075, 2013 WL 869956, at *3 (C.D. Ill. Mar. 7, 2013) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The judge may also "start from scratch"

and hold a new hearing or review the transcripts of the proceedings before the magistrate. *United States v. Torres*, 929 F.2d 291 (7th Cir. 1991).

**C. Evaluation of § 3142(g) Factors Support Continued Detention**

There is a presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(3)(E) because the offense involves a minor victim. The § 3142(g) factors also support detention. The nature and circumstances of the offense are serious and alarming. Here, the defendant's criminal activity was calculated and extended. He researched the age of consent in various states and researched abortion clinics in the area where MV1 lived. He searched, "how do rape victims determine paternity," which demonstrates that he understood the significance of his actions. The defendant sought out MV1 knowing her age, grade, and that she lived with her grandparents. For an extended period he groomed, enticed, and exploited MV1 eventually traveling more than one time across state lines to engage in sex acts with her. The defendant's actions were also surreptitious in nature, using covert messaging apps like Snapchat, giving false names, and sneaking into MV1 grandparents' house to sexually assault MV1. The defendant's actions also extend beyond the mere rape of a child. He continued his victimization by recording his sexual interaction with MV1 and distributing it to others. Unfortunately, this was not an isolated incident or isolated victim. The investigation has revealed that the defendant traveled across state lines on multiple other occasions to engage in sex acts with different minor victims. He also obtained child pornography of MV2 and distributed that to another. A review of the phones he was using showed that he possessed other child pornography of much

younger victims who are approximately 2-4 years old. The nature and circumstances of the offense support detention.

The weight of the evidence is strong and supports detention. The records from defendant's Snapchat account show that he was having sexually explicit communications with multiple different minors. Travel records show that he traveled to Chicago, rented a car, and drove a distance consistent with traveling MV1's house. His financial records show he made purchases on a route consistent with traveling to MV1's house. His phone contained videos of him and MV1 having sex, which had a background consistent with MV1's grandparents' home. His phone showed that he shared CP with others. Interviews conducted with other minor victims demonstrate that MV1 was not the only victim. The weight of the evidence supports detention.

The history and characteristic of the defendant also supports detention. The magistrate determined that this factor supports release. The government disagrees. Here, the defendant gained the trust of MV1 over an extended period, and he used that position of trust to exploit MV1 into having sex that was recorded and shared with others. This all occurred while he was living with his mom and having contact with all the proposed third-party custodians. None of these individuals could have imagined that defendant was traveling the country having sex with minor victims, creating child pornography, distributing it, and possessing it. The defendant is a smart individual who has clearly figured out how to fool those around him for a long time while he committed these offenses right under their noses. The history and characteristics of this defendant show that he is a child predator capable of keeping

his criminal behavior secret from those closest to him, and therefore detention is warranted based on this history.

The nature and seriousness of the danger posed to the community if the defendant was released is grave and supports detention. As already noted, there is a presumption in favor of detention given the severity of this offense. Based on the investigation it is clear that the defendant is a child predator, and he poses a serious danger to other children that cannot be mitigated with reasonable conditions.

## III. CONCLUSION

For all of these reasons the government seeks continued detention in this case.

GREGORY M. GILMORE
ACTING UNITED STATES ATTORNEY

By: /s/*Amanda W. Searle*
Amanda W. Searle
Assistant United States Attorney
1515 Fifth Avenue, Suite 600
Moline, IL 61265
Telephone: 309-283 3319
amanda.searle@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2025, the undersigned caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all parties of record.

/s/ *Amanda W. Searle*
Amanda W. Searle
Assistant United States Attorney